UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CRIMINAL DIVISION

UNITED STATES OF AMERICA,

CASE NO. 00-6159-CR
FERGUSON

Plaintiff,

vs.

CARLA KNIGHT,

Defendants.
_____/

### DEFENDANT'S MOTION FOR CLARIFICATION OF SENTENCE AND TO TERMINATE ELECTRONIC MONITORING AND/OR HOME DETENTION SANCTIONS

**Defendant, CARLA KNIGHT,** by and through undersigned counsel, respectfully moves this Honorable Court for an order terminating electronic monitoring and home detention sanctions ordered on November 17, 2000, and to further clarify the order of home detention and probation, and in support thereof would show:

1. The Defendant appeared before this Honorable Court on November 17, 2000, at which time she was sentenced as a result of her guilty plea to the indictment on September 6, 2000.

2. This Honorable Court sentenced the Defendant to six (6) months home confinement with electronic monitoring. That sentence was

announced on November 17, 2000. There was no indication that the sentence was going to be delayed in any way, nor was there any indication that the electronic monitoring was a condition of any other part of the sentence.

3. The home detention and electronic monitoring conditions were to begin on November 17, 2000, for a period of six (6) months. The Defendant immediately began to follow all of the home confinement requirements (per the instructions of her probation officer), with the exception of the electronic monitoring, which was delayed because of administrative issues and not due to anything on the part of the Defendant.

4. The probation officer, Lennox George, has informed the Defendant that electronic monitoring will not end on May 16, 2001, as it should, following successful completion of the six (6) month sentence. It is the probation officer's position that because electronic monitoring was delayed until the third week in December, through no fault of the Defendant, that the home detention sentence is extended for an additional month, without court order.

5. Respectfully, Probation could not provide their source of legal authority for that decision. The probation officer is modifying the sentence pronounced.

6. The sentence pronounced in open court imposed specific limiting restrictions on the Defendant's liberties. The Defendant was confined to her home.

7. The Defendant is respectfully requesting this Honorable Court schedule an emergency hearing for ten (10) minutes to address this issue. A memorandum of law, with supporting authority, will be supplemented. This motion had to be filed on an expedited basis, as there is only three (3) days until the Defendant's confinement sentence is scheduled to end. She has been told by probation that if she does not continue home confinement sanctions that she will be violated, which the Defendant does not want to chance under any circumstances.

8. The Defendant was ordered to pay restitution. Before agreement with Probation, the Defendant agreed to remit payments in the amount of One Hundred ($100.00) Dollars per month. That is the amount of money that she is able to afford to pay at this time. The probation officer instructed her to sign a form, wherein the language of that form indicates that she has the present ability to pay over One Thousand ($1,000.00) Dollars a month in restitution. The Defendant questioned the language of that form and specifically told the probation officer that she does not have the ability to pay, at which time she was informed that the form does not

mean what it says.

9. Respectfully, if the probation officer is transferred tomorrow, the Defendant will be held to the language contained within that document, which indicates that she has the ability to pay. The signing of this form was done following a direct order. The Defendant had to comply with that instruction to avoid violating the direct order of a probation officer and to avoid having any problems with him or with the Department. The Defendant requests an order vacating that document. The Defendant does not stipulate that she has the ability to pay anything beyond One Hundred ($100.00) Dollars a month.

10. This was the Defendant's first arrest. She is naive to the criminal justice system and lives in fear of incarceration. At the same time, she has been sentenced and is required to live within the parameters of the sentence established by the Court and not to obey terms and conditions that go beyond the restrictiveness of her sentence.

11. Lastly, the Probation Department has requested financial documents from the Defendant that date back over two (2) years. The Defendant understands the requirement to produce evidence of income, such as tax returns and certain business transactions during the time period relevant to the Probation Department's investigation of the ability to pay.

The Defendant questions the request to search through years of closing transactions and records completely unconnected to this investigation or to her ability to pay.

12.   The Defendant moves this Honorable Court for direction regarding the scope and extend of the level of cooperation required.

13.   Contact has been made with Assistant U.S. Attorney Kathleen Rice, who discussed all matters with counsel, was going to speak with the probation officer, and was to get back with counsel in an attempt to try to resolve these matters before the need for the hearing. Counsel is requesting a hearing be scheduled because of the short time limitations before double jeopardy issues are involved. Counsel will be unavailable on Friday, May 18, 2001, and respectfully requests that the hearing be scheduled before that date.

**WHEREFORE, Defendant, CARLA KNIGHT,** respectfully moves this Honorable Court to enter an order terminating home detention on May 16, 2001; instruct Probation to destroy and/or amend the restitution forms to reflect that the Defendant <u>does not</u> have the present ability to pay over One thousand ($1,000.00) Dollars a month in restitution; and to determine the scope and extent of the documents requested by Probation that are two (2) years old and unconnected with any aspect of the Federal case.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed this _16_ day of May, 2001, to KATHLEEN RICE, Assistant U.S. Attorney, 500 East Broward Boulevard, 7th Floor, Fort Lauderdale, Florida, 33301; and LENNOX GEORGE, Probation Officer, U. S. Probation Office, 330 Biscayne Boulevard, Suite 410, Miami, Florida 33132.

        TED CRESPI, P.A.
        Attorney for Defendant
        Prudential Plaza, Suite 218
        1776 North Pine Island Road
        Plantation, Florida 33322
        Telephone: (954) 475-7111
        Facsimile: (954) 475-7211

By: _____
        TED CRESPI, ESQUIRE
        Florida Bar No. 437689

/db