UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 00-6159-CR-UNGARO-BENAGES/Brown

UNITED STATES OF AMERICA

vs.

CARLA KNIGHT,

        Defendant.
_____/

**NIGHT BOX FILED**
JAN 0 5 2004
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

### GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR CONTINUANCE OF HEARING

THE UNITED STATES OF AMERICA, hereby files this response in opposition to defendant Carla Knight's motion for a continuance of the hearing for revocation of her supervised release. In support of its response, the government submits the following:

Currently, the aforementioned hearing is scheduled for January 7, 2004. The sole purpose for the defense's request for a delay in the scheduled hearing is to allow Ms. Knight's case to proceed in state court. According to the defense's motion, if this is done, the need for such a supervised release revocation hearing will be obviated whether she is convicted or acquitted in her state court case. However, this is not so. First of all, although she might have an uphill battle, Ms. Knight still would retain her right to have the government meet its burden of proof to revoke her supervised release. More importantly to the government, however, is the fact that even an acquittal in state court would not vitiate the federal government's interest in pursuing a revocation of Ms. Knight's supervised release.

As this Court is well aware, the burden of proof in such a trial in the state case against Ms. Knight is "beyond a reasonable doubt." However, in a supervised release revocation hearing the



government need only prove its case by a "preponderance of the evidence." Title 18, United States Code, §3583(e)(3). Thus, a smaller quantum of evidence is needed for the federal government to prevail in its case. Neither is the federal government bound by a jury's determination of the facts presented, or not presented, in a state trial.

Hence, even if Ms. Knight is acquitted in the state's case against her, the federal government fully intends to proceed with its case to revoke her supervised release.

### Conclusion

Since the continuance of the hearing in this matter will not result in judicial economy, there is no need to postpone the hearing.

WHEREFORE, the government respectfully requests that this Court deny defendant Carla Knight's Motion for Continuance of Hearing.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

By: _____
HARRY C. WALLACE, JR.
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 623946
99 NE 4th St.
Miami, FL 33132
Tel: (305) 961-9302
Fax: (305) 530-7976

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent by facsimile and United States mail on January 5, 2004, to Paul Korchin, Esq., Assistant Federal Public Defender, 150 W. Flagler Street, Suite 1700, Miami, Florida 33130.

_____
Harry C. Wallace, Jr.
Assistant United States Attorney