UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 00-6159-Cr-Ungaro-Benages/Brown

UNITED STATES OF AMERICA,
        Plaintiff,

v.

CARLA KNIGHT,
        Defendant.
_____/

## MEMORANDUM OF LAW

The Defendant, CARLA KNIGHT, is charged with violating § 817.568(2)(a), Fla. Stat., the criminal use of personal identification information. The court has posed the following question: can a person violate this statute if there is no evidence showing that she procured the personal identification information, and then improperly used it? The defendant respectfully suggests that the answer to this question must be no.

Since there is no evidence as to how Ms. Knight procured Gary Berman's personal identification information and no evidence that she stole that information from him or had any dealings of any kind with him, she cannot be guilty of this offense, as far as the use of Gary Berman's's identification information is concerned. That is because the defendant can be guilty of violating this statute only if she acted with knowledge that the personal identification information she used belonged to an actual person. Ms. Knight cannot be guilty of violating §817.568(2)(a) if she thought she was using fake identification information, as opposed to the information of an actual individual whom she knew to exist.

1



## ELEMENTS OF § 817.568

At present there are no standard jury instructions for § 817.568(2)(a). There is only one published opinion that even discusses the crime. *See State v. Fagan*, 857 So.2d 320 (Fla. 4th DCA 2003). Therefore, the statute itself provides the best statement of the elements needed to establish a violation. The defendant must:

a. Willfully and without authorization fraudulently use (or possess with intent to fraudulently use)

b. Personal identification information concerning an *individual*

c. Without first obtaining that *individual's* consent.

The following arguments and authorities support the position that a defendant cannot be guilty of violating § 817.568 (2)(a) if she does not know that she is using real personal information belonging to an actual person.

**1. The text of the statute implies a requirement of knowledge by the defendant that she is using a real human being's personal information.**

817.568(1)(d) defines "individual" under the terms of the statute to mean "a single human being." The text of the statute also provides the <u>mens rea</u> requirement for a violation of § 817.568(2)(a). "Willfully," has not been specifically defined in terms of this statute. It has, however, been defined through other Florida jurisprudence to mean "intentional, knowing, and purposeful." *Lewek v. Florida*, 702 So. 2d 527, 530 (Fla. 4th DCA 1997)(citing *W.E.B. v. Florida*, 553 So.2d 323, 326 (Fla. 1st DCA 1989). Applying the mens rea requirement to each element of the statute, a violation of § 817.568(2)(a) requires that the defendant know that she is utilizing the personal information of a

specific, and existing human being.

The requirement that the defendant must know she is utilizing the information of an actual person is further demonstrated through the text of the third element of the offense. The defendant must act without the individual's consent. The lack of consent requirement implies the requirement of an actual person from whom consent could have been obtained before the defendant used the personal information. As a result, the defendant must have intentionally, knowingly, and purposefully not obtained that person's consent. The Defendant cannot intentionally, knowingly, and purposefully refuse to obtain an individual's consent when the defendant does not even know that there is an actual "single human being" whose personal information she is using.

Since under Florida law statutes defining crimes are strictly construed against the State and most favorably to the accused, *Chicone v. Florida*, 684 So.2d 736, 741 (Fla. 1996), this statute must be construed to require that the defendant knew that she was utilizing the personal information of an actual human being, and that the defendant failed to obtain the consent of that same actual human being.

**2. The only published § 817.568 case, *State v. Fagan*, is inapposite, or at best supports the view that a defendant can be guilty only if she used personal information of someone she knows to be an actual human being.**

*Fagan* is the only published case dealing with a violation of Section 817.568(2)(a). In that case the defendant worked at a health spa and weight loss center. The State alleged that the defendant had used the personal information of one of the spa's clients to procure fraudulent credit cards, which she used to make purchases and obtain funds. *Fagan*, 857 So.2d at 321. If

3

anything, *Fagan* supports the defendant in the instant case since in *Fagan* there was no question that the defendant knew that the victims were actual human beings, as they were all members of the health spa where the defendant worked. In the instant case there is no evidence to show that the defendant knew that the victim, Gary Berman, was an actual human being, or that the information she was using was the personal information of an actual human being.

Also important to note from the *Fagan* case is the fact that the defendant attempted to claim that a third party was the real identity thief. This is significant because in the instant case there is no evidence that the defendant ever met Gary Berman or knew that he existed. The only person who would have known that Gary Berman was an actual human being would be some third party **intermediary who obtained Berman's** information and provided it to the defendant, without explaining to her that it was the personal identification of an actual human being. In *Fagan*, the defendant was convicted based on competent evidence which directly connected the defendant to the victim.[1] In the instant case, there is no such evidence to connect the defendant to the victim, Gary Berman.

**3. Other Florida jurisprudence, such that for Fraud, supports the view that the defendant must know she is utilizing the information of an actual person.**

Section 817.568 is just one of many statutes relating to fraudulent practices. One other such prohibited practice is that of false impersonation, where one falsely personates or represents another and receives, in such assumed character, any property intended to be delivered to the

---

[1] A credit card balance transfer check, (obtained from a credit card account which had been fraudulently opened in the victim's name) fraudulently endorsed with the victim's name, payable to the defendant's father, was deposited in the defendant's father's account at the same time a check issued to the defendant was endorsed to him and deposited into his own account.

party so personated." FLA. STAT. § 817.02 Florida Jurisprudence (Second) § 4620 points out, citing *Taylor v. Chapman*, 173 So. 143 (1937), that the indictment or information for prosecutions under this section "should set forth the relations established between the victim and the person personated."

Obviously § 817.568 and § 817.02 are two entirely different statutes, each with their own set of language and precedent. They are, however, statutes designed to prevent the fraudulent use of the identity or personal information of victims. Therefore the fact that § 817.02 requires that the indictment set forth the relations established between the victim and the defendant provides some guidance when looking at the intent of the legislature and courts when construing fraudulent practices statutes.

The defendant can be guilty of violating Fla. Stat. § 817.856(2)(a) only if she knew that the individual whose personal information was being used was an existing human being. It is a complete defense to a charge under 817.856(2)(a), that she thought the information she was using was purely a fabrication by a third party, and not the real personal information of an actual human being.

The question posed by the court does not apply to the matter involving Mary Davis because Ms. Davis personally provided her personal identification information to Ms. Knight. However, Ms. Knight is not guilty of violating § 817.568(2)(a) in relation to Ms. Davis because once she possessed Ms. Davis's identification information, Ms. Knight took no steps constituting the fraudulent use of that information. Both mortgage brokers testified that Ms. Knight never used Ms. Davis's personal identification information to secure any loans.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

BY: _____
Paul M. Korchin
Assistant Federal Public Defender
Florida Bar No. 203971
150 West Flagler Street
Suite 1700
Miami, Florida 33130-1556

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been served via U.S. Mail upon Harry Wallace, Assistant United States Attorney, United States Attorney's Office, 99 N.E. 4th Street, Miami, Florida, 33132-2111, this 4th day of June, 2004.

_____
Paul M. Korchin