# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

April 11, 2006

Clarence Maddox
Clerk, U.S. District Court
301 N MIAMI AVE STE 150
MIAMI FL 33128-7788

**Appeal Number:** 05-13351-JJ
Case Style: USA v. Carla Knight
District Court Number: 00-06159 CR-UUB

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
    Original Exhibits, consisting of: one psi
    Original record on appeal or review, consisting of: five volumes

The district court clerk is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, <u>but not a copy of the court's decision</u>, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (02/2006)

# United States Court of Appeals
For the Eleventh Circuit

No. 05-13351

District Court Docket No.
00-06159-CR-UUB

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Feb 16, 2006

THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

   Plaintiff-Appellee,

versus

CARLA KNIGHT,

   Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida



A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
   Deputy Clerk
   Atlanta, Georgia

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.



ISSUED AS MANDATE
APR 11 2006
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered:     February 16, 2006
For the Court:  Thomas K. Kahn, Clerk
       By:   Harper, Toni

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---

No. 05-13351
Non-Argument Calendar

---

```
FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 16, 2006
THOMAS K. KAHN
CLERK
```

D. C. Docket No. 00-06159-CR-UUB

UNITED STATES OF AMERICA,

                                                                              Plaintiff-Appellee,

versus

CARLA KNIGHT,

                                                                              Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Florida

---

(February 16, 2006)

Before DUBINA, BARKETT and HULL , Circuit Judges.

PER CURIAM:

Carla Knight appeals her 48-month imprisonment sentence imposed pursuant to 18 U.S.C. § 3565(a)(2) for revocation of probation. She claims her

sentence should be vacated because the district court: (1) erroneously failed to consider the 12-18 month imprisonment range recommended by the Sentencing Guidelines and failed to inquire why her probation officer requested a longer sentence; (2) erroneously failed to take into account other sentencing factors set forth in 18 U.S.C. § 3553(a); and (3) erroneously imposed a sentence based solely on her new offenses, in violation of a policy statement in Chapter Seven of the Guidelines.

## BACKGROUND

In 2000, Knight pled guilty to conspiracy to commit access device fraud, in violation of 18 U.S.C. §§ 1029(a)(5) and (b)(2). The district court sentenced her to three years probation and $37,500.00 restitution. The conditions of her probation included duties to pay the imposed restitution, to provide her probation officer complete access to her financial information, and not to commit another crime. Six months before Knight's probation was to end, she was charged with violating her probation by failing to satisfy her court-ordered restitution and by committing grand theft and by committing identity theft of two individuals, one of them an elderly disabled woman.

After an evidentiary hearing, a magistrate judge found that Knight was guilty of all charges except that of grand theft. The district court ultimately agreed

with the magistrate's findings and revoked Knight's probation. At sentencing, the district court noted that the probation officer "as we all know, is recommending four years incarceration, and the Guidelines are much lower than that. The Guidelines are four to ten months." After considering arguments from both sides, the court sentenced Knight to the four years recommended by the probation officer, explaining:

> I have to say that I am not usually exposed to conduct which is this callous. As long as I have sat here as a judge, this kind of ... callous behavior is just not something that is a typical occurrence.
> You were on probation. Judge Ferguson gave you a break. But still probation has its punitive aspects to it. I don't quite understand why you wouldn't have gotten the message. He did order you to pay restitution. It was substantial restitution. That meant you had to get together with the probation officer, you had to work out some kind of payment arrangement. I mean, there were plenty of opportunities to get the message. I don't know what we have to do to you, Ms. Knight, to get the message through.
> There were lots and lots of opportunities to get the message. So I'm not too impressed with the argument that, well, he only put me on probation, so I didn't get the message.
> And then to make – and your behavior during probation ... was completely unacceptable. To not meet with the probation officer, to not keep your appointments, to not be responsive to their request for restitution ... all those things just indicate to me that you just thought you could get away with whatever you wanted to do.
> And then you get toward the end of your probation and you steal the identity of a half-blind elderly woman. I mean, that's amazing. That's amazing Ms. Knight. And, so, I really don't think there's really even much to talk about here. ...
> [Y]ou have really offended society by what you have done. So, I am revoking your probation and I am sentencing you to 48 months.

3

> ...
> [N]ow to pronounce sentence more formally. ... The Court has carefully considered the statement of the parties and the information contained in the violation report. The Court finds the defendant has violated the terms and conditions of her probation and hereby revokes the period of probation. The Court has determined that a sentence within the Guideline range does not adequately address your total disregard for your probation and the serious nature of the new offense conduct.

Knight's one objection to the court's judgment was that she "would like to preserve the record and object that it's above the Guideline sentence."

## DISCUSSION

### Consideration of Guideline Recommendations

We look first at Knight's claim that the district court failed to consider the Guidelines' recommendation for her recent offenses and failed to inquire as to the probation officer's reasons for recommending a harsher sentence. This claim, like the one to follow, ultimately derives from § 3553(a), which calls for courts that have found a probation violation to consider the imprisonment range corresponding to that violation. U.S.S.G. § 7B1.4(a). We consider it separately from Knight's other § 3553(a) claims, however, because her timely objection in the district court allows us to review for an abuse of discretion, rather than under the plain error standard by which we must evaluate her other claims. United States v. Zinn, 321 F.3d 1084, 1087 (11th Cir. 2003) ("Where a defendant fails to clearly

4

state the grounds for an objection in the district court, [she] waives the objection on appeal and we are limited to reviewing for plain error.").

The applicable Guideline range in this case, where Knight committed a Grade B violation of her probation and had an original criminal history category of I, was four to ten months imprisonment. U.S.S.G. §§ 7B1.1(a)(2), 7B1.4(a).[1] Because the ranges *recommended* by the Guidelines are only advisory, we have held that a district court fulfills its statutory obligation when it evinces "some indication that [it] was aware of and considered them." United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000). The court's substantial explanation of its sentence, excerpted in large part above, shows that it was keenly aware of the Guidelines and of the need to address how the Guidelines related (or in this case, did not relate) to Knight's sentence. The court explicitly considered the Guideline range, referring to it twice, and explained at some length the reasons for an upward departure. The district court did not abuse its discretion by failing to consider the Guideline recommendations because, quite simply, it considered those recommendations thoroughly and appropriately.

---

[1] Under 18 U.S.C. § 1029(c)(1)(A)(ii), the maximum term of imprisonment for Knight's conduct that constituted the violation of her probation (identity theft) was 15 years. As such, her probation violation resulted in a grade B violation, pursuant to U.S.S.G. § 7B1.1(a)(2) (classifying as grade B violations conduct constituting a violation of "any other federal, state, or local offense punishable by a term of imprisonment exceeding one year").

Consideration of Other § 3553(a) Sentencing Factors

When a defendant violates a term of probation, a district court may revoke the probation and impose a new sentence "after considering the factors set forth in § 3553(a) to the extent that they are applicable." 18 U.S.C. § 3565(a)(2). They are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, and to deter criminal conduct, and (3) the sentencing range established in the applicable Guidelines or policy statements. 18 U.S.C. § 3553(a). Knight claims these factors were ignored by the district court.

Although we do not expect a district court to recite each of these factors in its sentencing decision, see United States v. Scott, 426 F.3d 1324, 1328 (11th Cir. 2005), the court in Knight's case very nearly did so. We have already discussed the court's explanation of its sentence in relation to the Guidelines' recommendations. In enumerating Knight's unmet responsibilities toward her probation officer, as well as her "amazing" and "callous" theft of "a half-blind elderly woman['s]" identity, the court considered the nature and circumstances of Knight's violation of her probation and its conditions, the serious of the offense, and the court's own need to promote respect for the law and provide just

punishment. The court did not commit plain error in failing to consider the factors enumerated in § 3553(a) because it considered practically all of them and was under no obligation to explicitly consider each one.

Consideration of Underlying Violation

Knight argues that the district court based its sentence purely on the offenses that triggered revocation of her probation and, in so doing, disregarded the Federal Sentencing Commission's policy statement that courts "should sanction primarily the defendant's breach of [probation], while taking into account, to a limited degree, the seriousness of the underlying violation." Introduction to Chapter 7, Part A 3(b). Although it is true that the district court was appalled by Knight's most recent crimes, it very clearly understood them as failures to comply with the spirit and terms of her probation. The court's consistent refrain about Knight's failure to "get the message" of her original probation, and the explicit relationship between its sentencing determination and that failure, demonstrates the court's intention to punish Knight for her failure to comply with her original sentence. For these reasons we discern no plain error in the relative weights the court gave to Knight's breach of probation and the offenses underlying that breach.

**AFFIRMED.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia