

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs                                                          CASE NO.    00-6159-CR-UNGARO-BENAGES

CARLA KNIGHT

_____/

EMERGENCY MOTION CORRECTING SENTENCE RULE 60 (B)

COMES NOW, Carla Knight, PRO SE, respectfully submitting an "EMERGENCY MOTION FOR CORRECTING AN ILLEGAL SENTENCE" On Violation of Probation.

On November 21, 2000 the defendant was sentenced to a term of three years probation. On November 21, 2000 at the sentencing hearing the district court sentenced defendant to three years probation with the following special conditions (1) The defendant provide complete access to financial information including disclosure of all business and personal finances, to the U.S. Probation Officer;  (2) The defendant shall maintain full time, legitimate employment and not be unemployed for a term of more than 30 days, unless excused by the U.S. Probation Officer.  (3)The defendant shall obtain prior approval from P.O. before entering into any self employment;  (4) The defendant shall participate in a Home Confinement Electronic Monitoring program for a period of six months;  (5) $100 special assessment;  (6) Restitution in the amount of $37,500.00.

The defendant did not violate any of the aforementioned for two years and six months. On or about July 30, 2003, in Broward County, Florida, the defendant, was arrested by the Hollywood Police Department and charged with Grand Theft.

On August 26, 2003 a Petition for Warrant or Summons for the defendant was filed for noncompliance of violation of the law. The defendant violated the terms of her probation by being charged with Grand Theft by the State Of Florida. The Petition further stated that defendant violated a Special condition by failing to satisfy the court-ordered restitution in the amount of $37,500.00.

On October 1, 2003, Michael J. Satz, State Attorney for the Seventeenth Judicial Circuit, charged the defendant with Grand

Theft (1) count and Identity Theft, to wit: possessed or used the identity of Mary Davis, and Gary Berman. On October 2, 2003 an order was signed by Judge Ursula Ungaro-Benages referring the revocation hearing of Carla Knight to Magistrate Stephen T. Brown. On May 24, 2004 the evidentiary hearing on Supervised Release violation as to Carla Knight was held before Magistrate Stephen T. Brown. On July 20, 2004 Magistrate Stephen T. Brown recommended that Knight was guilty of the violations of Supervised release, with the exception of offense (1) Grand Theft. The case was not set for sentencing until May 20, 2005. On May 20, 2005 the case was rescheduled until June 3, 2005. Some time in May the district court deputy clerk called then counsel and stated that the Magistrate did not have the authority to conduct an evidentiary hearing. The district court clerk informed then counsel that the evidentiary hearing would have to be vacated, and re heard before the district court. (Neither Knight nor her original counsel objected to the Magistrate conducting the evidentiary hearing).

The district court vacated the finding of the Magistrate Judge on June 3, 2005. The defendant waived a revocation hearing and admitted that she violated her probation as to violations 2, 3, and 4. The defendant waived her revocation hearing because this was a violation committed in August 2003, and now it was June 2005. According to Rule 32.1 (b) Revocation (1) Preliminary Hearing. (A) In General. If a person is in custody for violating a condition of probation or supervised release, a Magistrate Judge must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred. The person may waive the hearing. (B) Requirements. The hearing must be recorded by a court reporter or by a suitable recording device. (2) REVOCATION HEARING. Unless waived by the person, the court must hold the revocation hearing within a reasonable time in the district having jurisdiction. Under this section the defendant's rights were violated, because she waited on a Revocation Hearing for over two years. This is why she just decided to waive her revocation hearing. Defendant admitted that she violated her probation. The Court stated that the Probation Officer recommended four years incarceration, and the guidelines were much lower than that. The guidelines were four to ten months. Defendant states that according to Apprendi, Jr. v. New Jersey, 530 U.S. Due Process requires that any enhancements must be proved to a jury beyond a reasonable doubt.

The Supreme Court reversed, holding that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

When the District Court sentenced Knight, the charges violating the defendant were State charges not Federal. At the time of the revocation hearing the State had not found the defendant guilty nor had she plead guilty to the charges in State Court. After the upward departure of 48 months of imprisonment was imposed on the defendant by the Federal Government even though the guidelines were much lower than that , the State ultimately reduced their charges against Knight. On March 22, 2006 the

2

State Court negotiated a downward departure with the defendant reducing her charges to lessor offenses. Knight ultimately plead guilty to (1) count of Grand Theft in the 3rd Degree (2) counts of Criminal use of Personal ID. The State imposed a sentence according to their sentencing guidelines of 1 year and 1 day imprisonment. When the State reduced their charges to lessor charges the Federal Government had already charged the defendant with a Grade "B" violation when in fact if they would have waited for the State to complete their proceedings in State Court the violation would have been a Grade "C" violation.

The Supreme Court reversed, holding that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The guidelines are four to ten months, and Knight's original State charges that caused the violation of her Federal probation were reduced to lesser charges, but the Federal Government had already charged her with a Grade "B" violation when ultimately in the end it would have been a Grade "C" violation. One of the most alarming things about the sentenced imposed on the defendant is that she was sentenced as a SUPERVISED RELEASE VIOLATER even though she was a PROBATION VIOLATER.

Your Honor, the Government rushed to indict her before the State convicted her. Please review the following: (1) the State dropped the charges from Grand Theft 1 count 1st Degree and Identity Theft 2 counts; to Grand Theft 1 count 3rd Degree and Illegal use of ID 2 counts., which a sentence of 1 year 1 day imprisonment was imposed. Again, this was after the Government found Knight guilty of the violation of 2 counts Identity Theft and imposed and upward departure from the guidelines of 48 months imprisonment. The defendant wants the record to reflect that she does not have and Identity Theft Conviction. The defendant was given an illegal sentence of 48 months. (SEE X)

Your Honor, you can plainly see that a MISCARRIAGE OF JUSTICE has been done to the defendant. According to the Supreme Court Case U.S.V. GRANDERSON, 511 U.S. 39, it states that the duration of imprisonment following probation revocation under 18 U.S.C. &3565 (a), is one third of the Maximum of the Originally applicable sentence Guidelines Range of Imprisonment, at a Minimum, and the Maximum Revocation sentence in the Guidelines Maximum.

Your Honor, just from the aforementioned case, you can readily see that the defendant was sentenced illegally. The defendant's Fifth, Sixth, and Eight amendments have been violated. The defendant has been incarcerated for almost the full term of her sentence (over 95%).

WHEREFORE, YOUR HONOR, the defendant prays that you will ORDER AN IMMEDIATE RELEASE FROM PRISON.

Respectfully submitted

Carla Knight/PRO-SE

3

# EXHIBIT "A"

_____ OF _____

**CIRCUIT COURT DISPOSITION ORDER IN AND FOR BROWARD COUNTY, FLORIDA**
Case Number _____ Arrest Number _____ BCCN # _____
State of Florida VS _____ AKA _____
Judge _____ Cash bond / Return to depositor / Surety bond / IC
Cash bond number(s) _____
Charges: _____
_____
_____
_____
_____
_____

---

( ) REMANDED ( ) REMAIN IC ( ) UNTIL PICKED UP BY_____ OR
BED AVAILABLE AT_____

---

( ) Arraignment   ( ) Change of Plea   ( ) Guilty   ( ) No Contest   ( ) PSI/PDR   ( ) Sentencing / Re-Sentencing
( ) Trial by Jury   ( ) Trial by Court   ( ) First VOP / VOCC   ( ) Final VOP / VOCC   ( ) Admits Allegations
( ) Convicted by Jury/Court _____   ( ) Acquitted by Jury/Court_____   ( ) Dismissed_____   ( ) Speedy
( ) Discharged _____ ( ) Nolle Prosequi_____ ( ) Found Incompetent/Committed to Child/Family Services
( ) Adj. Guilty _____ ( ) Adj. Withheld _____ ( ) Adj. Delinquent _____
( ) Committed to DJJ/Level_____ ( ) Sentence Withheld   ( ) Previous Sentence Vacated
( ) PSI Ordered _____
**Adj. and Sentence deferred to** _____

---

Type of Probation / Community Control:
( ) Youthful Offender ( ) Drug Offender ( ) Sexual Offender ( ) Habitual Offender ( ) Mental Health ( ) County
PROBATION/COMM. CONTROL:   ( ) Revoked   ( ) Reinstated   ( ) Modified   ( ) Terminated
    ( ) Extended _____ ( ) All previous special conditions apply
WARRANT:   ( ) Dismissed   ( ) Withdrawn   ( ) Served in open court

---

**SENTENCE: *(PROBATION/COMM.CONTROL)***
COUNT(S):_____
_____ ( ) Years   ( ) Months   ( ) Days   ( ) Probation   ( ) Community Control   ( ) followed by
_____ ( ) Years   ( ) Months   ( ) Days   ( ) Probation   ( ) Community Control
( ) each count concurrent/consecutive   ( ) concurrent   ( ) consecutive to case number _____
COUNT(S):_____
_____ ( ) Years   ( ) Months   ( ) Days   ( ) Probation   ( ) Community Control   ( ) followed by
_____ ( ) Years   ( ) Months   ( ) Days   ( ) Probation   ( ) Community Control
( ) each count concurrent/consecutive   ( ) concurrent   ( ) consecutive to case number _____

---

**SENTENCE: *(INCARCERATION)***
COUNT(S):_____ (✓) One year plus one day ( ) _____ ( ) Years ( ) Months ( ) Days
( ) BCJ   (✓) FSP, w/credit for _____ days T/S
( ) followed by _____ ( ) Years ( ) Months ( ) Days ( ) Probation ( ) Community Control
( ) each count concurrent/consecutive   (✓) concurrent/consecutive (✓) to case number _____
( ) any other sentence ( ) Work release   ( ) prison sentence suspended
COUNT(S):_____ ( ) One year plus one day ( ) _____ ( ) Years ( ) Months ( ) Days
( ) BCJ   ( ) FSP, w/credit for _____ days T/S
( ) followed by _____ ( ) Years ( ) Months ( ) Days ( ) Probation ( ) Community Control
( ) each count concurrent/consecutive   ( ) concurrent/consecutive ( ) to case number _____
( ) any other sentence ( ) Work release   ( ) prison sentence suspended

---

**JUDGE** _____

**DEPUTY CLERK** _____ **DATE** _____

6B-1  1CC 24-1 REV. 9/01                     **DEFENDANT**

_____ OF _____

State of Florida VS ___Ola Knight___ Case number _____

**SPECIAL CONDITIONS OF PRISON SENTENCE:**
( ) Habitual Violent Offender mandatory minimum _____ years Ct(s)_____
( ) Violent Career Criminal mandatory minimum _____ years Ct(s)_____
( ) Prison Releasee Reoffender mandatory minimum _____ years Ct(s)_____
( ) Firearm mandatory minimum _____ years Ct(s)_____
( ) Other mandatory minimum _____
( ) Habitual Offender Ct(s) _____ ( ) Youthful Offender ( ) Sexual Predator/Offender ( ) Boot Camp
( ) Drug Treatment ( ) Tier _____ Program
( ) To be given credit for all time previously served in prison, to be calculated by Department of Corrections

**SPECIAL CONDITIONS OF PROBATION:**
( ) _____ days BCJ w/credit for _____ days T/S ( ) work release ( ) Boot Camp
( ) ATTAC ( ) Work release after successful completion of ATTAC ( ) Electronic Monitor ( ) Drug Treatment
( ) BSO/SAP ( ) ISAP ( ) Upon successful completion of drug program jail sentence shall be terminated

( ) _____ hours of Community Service
( ) $ _____ COS waived / imposed
( ) Anger Management Program
( ) BARC ( ) followed by _____
( ) Blood draw per F.S. 943.325 – 2 samples for conviction of sexual assaults; lewd or indecent acts; homicides (782.04) aggravated battery; home invasion robbery or carjacking
( ) Curfew _____
( ) Drug/Alcohol evaluation and treatment recommended
( ) Forfeit weapon / firearm
( ) F.A.C.T.
( ) House of Hope
( ) IRT ( ) followed by _____
( ) May transfer probation to _____
( ) May travel _____ for work purposes
( ) No contact with minor children without adult supervision
( ) No contact directly or indirectly with victim(s) or victim's family or others listed
( ) No driving without valid driver's license
( ) No drugs or alcohol
( ) Enter and successfully complete _____
( ) Drug Court Monitoring/Hearing set _____
( ) Other _____

( ) Obtain GED or High School diploma
( ) Peg program
( ) Psychological / Psychiatric evaluation and treatment necessary
( ) Random drug/alcohol testing
( ) Random urinalysis/waive costs
( ) Recommend 2-year Driver's License Suspension
( ) Restitution ordered $_____ /amount reserved
( ) Spectrum
( ) Substance abuse evaluation
( ) Turning Point Bridge Program/Aftercare
( ) Work permit
( ) Make donation of $_____ to _____

**COSTS**
(✓) $200 Trust Fund
(✓) $50 VC each count _____
(✓) $5 Assessment each count _____
(✓) $50 SN1
( ) $100 OTF
( ) $ _____ fine plus $ _____ 5% surcharge count(s) _____
( ) $ _____ Court Costs _____
( ) Pay balance of previously imposed costs
(✓) Balance of court costs and fees converted to a civil lien ( ) Court costs converted to Comm. Service hours
( ) Deferral fee _____ ( ) Defer to _____
(✓) Other _____

(✓) $40 PD application fee waived / imposed
(✓) $ _____ PD fee
( ) $20 CSTF
(✓) $3 AC ( ) Extradition costs $_____
( ) $20 SN1
(✓) $ _____ CFF
( ) Waive all court costs

**JUDGE** _____

**DEPUTY CLERK** _____   **DATE** _____

6B-2    1CC 14-2 REV. 9/01