UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-06159-CR-UNGARO

UNITED STATES OF AMERICA,
    Plaintiff,
v.

CARLA KNIGHT,
    Defendant.
_____/

## ORDER DENYING DEFENDANT'S EMERGENCY MOTION FOR CORRECTING ILLEGAL SENTENCE PURSUANT TO RULE 60 (B)

THIS CAUSE is before the Court upon Defendant's Emergency Motion for Correcting An Illegal Sentence On Violation of Probation pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (D.E. 116.) The Government responded to the motion and the matter is ripe for disposition. (D.E. 168.) The Court has considered the motion, the pertinent portions of the record, and is otherwise fully informed premises.

## BACKGROUND

On June 13, 2000, a federal grand jury returned an Indictment against Defendant, Carla Knight, charging her with conspiracy to commit Credit Card Fraud and to receive payment in excess of $1,000.00 during any one-year period, in violation of 18 U.S.C. §§1029(a)(5) and (b)(2). (D.E. 1.) Defendant pled guilty to the charges. On November 17, 2000, the Court sentenced Defendant to three years probation including six months of home confinement, and ordered her to pay restitution in the amount of $37,500 dollars. (D.E. 26.) On August 29, 2003, Defendant's probation officer filed a Petition For Warrant Or Summons For Offender Under

Supervision requesting that Defendant's probation be revoked because Defendant violated mandatory and special conditions of her supervised release. (D.E. 58.) On December 3, 2003, the probation officer filed an Amended Petition For Warrant Or Summons For Offender Under Supervision reporting two additional violations of a mandatory condition of Defendant's supervised release. (D.E. 79.)

On June 3, 2005, the Court conducted a probation revocation hearing on the matter. (D.E. 126.) On June 8, 2005 the Court entered a Judgment and Commitment Order against Defendant finding her guilty of Counts one and two of the probation officer's amended petition and sentenced Defendant to 48 months imprisonment. (D.E. 127.) On September 27, 2005 the Court entered an Amended Judgment and Commitment Order and found Defendant guilty only as to Count two of the probation officer's amended petition and sentenced her to 45 months of imprisonment. (D.E. 136.) Count two of the probation officer's amended petition reported that Defendant violated the mandatory condition of her supervised release requiring her to refrain from violating the law. Specifically on October 1, 2003, during Defendant's period of supervised release, Florida state prosecutors charged Defendant with Identity Theft in violation of Fla. Stat. § 817.568(2)(a). (D.E. 79.)

## **ANALYSIS**

Although unclear, it appears Defendant's motion contains two main arguments. First, Defendant claims the 48 month prison sentence she received following for her probation violation hearing was improper because the Court based her sentence on a conviction she never received and therefore violated her rights under the Fifth, Sixth, and Eighth Amendment. (*See* Def.'s Mot. 3) Specifically, Defendant contends that at the time of her probation revocation

hearing, she was charged with two counts of Identity Theft in state court; that the charges were ultimately withdrawn; and that she was ultimately convicted of lesser offenses. (*See* Def.'s Mot. 3). While her state court proceedings were pending, Defendant claims the federal government rushed to indict her and this Court imposed sentence upon her based on a presumed conviction of Identity Theft, even though the state court did not yet convict her of any charges. (*See* Def.'s Mot. 3). Second, Defendant contends the 48 month prison sentence was improper because it exceeded the statutory maximum penalty correlated to her initial offense. (*See* Def.'s Mot. 3). In response, the Government argues that under the applicable federal sentencing laws the Court had authority to impose the 48 month sentence and that the Court's judgment upon Defendant was independent of the posture of Defendant's parallel state court case. (*See* Gov.'s Resp. 15).

Defendant misinterprets the Court's Judgment and Comitment Order for the present case, and misconstrues the Court's authority to impose sentence following probation revocation. The Court's Amended Judgment and Commitment Order entered against Defendant following her probation revocation hearing states:

> ORDERED AND ADJUDGED that the Defendant shall receive credit for time served in custody on the violation **and if the Defendant is convicted** and sentenced in state court, the federal sentence shall run concurrent to the sentence imposed in the state case. The defendant shall surrender to the U.S. Marshals in Miami on July 6, 2005 and the Court will recommend a South Florida facility.

(D.E. 136.) (emphasis added). The text of the Court order indicating that the federal sentence shall run concurrent to the sentence Defendant receives in state court, "if the Defendant is convicted," shows the Court's decision was not predicated on a presumed Identity Theft conviction, and that Defendant's sentence was imposed independent of the posture of the Florida

state court proceedings. Moreover, in an action for probation revocation "[a]ll that is required is that the evidence and facts be such as to reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation." *United States v. Tayler*. 931 F.2d 842, 848 (11th Cir. 1991)(quoting *United States v. Rice*, 617 F.2d. 455, 459 (11th Cir. 1982)). The violation "need not be criminal and need only be found by a judge under a preponderance of the evidence standard." *United States v. Lamelas-Linares* 181 F. App'x 788, 789 (11th Cir. 2006) (quoting *Johnson v. United States*, 529 U.S. 694, 700 (2000)). Upon review of the evidence submitted during the probation revocation hearing, the Court determined that the probation officer and the Government satisfied their burden under the preponderance of the evidence standard. Defendant's present challenge bears no basis to disturb the Court's prior decision.

Furthermore, Defendant's argument that the Court's sentence imposed upon her was improper because it exceeded the statutory maximum penalty for her initial offense is also meritless. Pursuant to 18 U.S.C. § 3565(a)(2) if the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the Court may after a hearing, revoke the probation sentence and resentence the Defendant under subchapter A which includes sentencing factors enumerated in §18 U.S.C. §§3551-3559. When making this determination "a [District] court is authorized to resentence a defendant without being restricted to the guideline range applicable at the time of the initial sentencing hearing." *United States v. Lamelas-Linares* 181 F. App'x 788, 789 (11th Cir. 2006) (quoting *United States v. Cook*, 291 F.3d 1297, 1300 (11th Cir. 2002.) Based on the foregoing, the Court finds Defendant's sentence upon her probation revocation was proper, and that Defendant is not entitled to any relief.

Accordingly it is hereby,

ORDERED AND ADJUDGED that Defendant's motion is denied.

DONE AND ORDERED in Chambers at Miami, Florida on this _29th__ day of August, 2008.

_____
URSULA UNGARO
UNITED STATES DISTRICT COURT

Copies provided:
Counsel of Record
Carla M. Knight, *pro se*